NOT FOR PUBLICATION (Doc. No. 4)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| JEFFREY ESPINOSA and CAROLE J. DESIMONE, on behalf of themselves and all others similarly situated, | : : : : : : | |
| Plaintiffs, | : : | Civil No. 11-4847 (RBK/KMW) |
| v. | : : | **OPINION** |
| MAMCO PROPERTY MANAGEMENT and ASSOCIATIONS, INC., | : : : : | |
| Defendants. | : : | |

**KUGLER**, United States District Judge:

The motion to remand before this Court concerns a case in which class action Plaintiffs Jeffrey Espinosa and Carole J. DeSimone, on behalf of themselves and all others similar situated, seek to recover from Defendants MAMCO Property Management ("MAMCO") and Associations, Inc. ("Associa") for alleged violations of two New Jersey statutes. Plaintiffs claim that Defendant MAMCO, a subsidiary of Defendant property management company Associa, follows a policy of charging class members an unearned "Processing Fee" and unearned "Transfer Fee" when a class member buys or sells a condominium unit in a development managed by Defendants. Plaintiffs claim that these allegedly unearned fees violate the New Jersey Consumer Fraud Act (the "CFA"), N.J.S.A. 56:8-1, et seq., and the New Truth in Consumer Contract Warranty and Notice Act ("TCCWNA"), N.J.S.A. § 56:12-15, et seq. Defendants removed to federal court, claiming that, because Plaintiffs' Amended Complaint

1

embeds claims that Defendants have violated a federal statute (namely, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617), their claim raises a federal question and thus confers subject matter jurisdiction over this Court.  Finding that it does not possess subject matter jurisdiction, the Court remands this case to the New Jersey Superior Court, Law Division, Camden County.

**I.      BACKGROUND**

Plaintiffs allege that the Transfer and Processing Fees charged by Defendants, which are nonrefundable and exceed $100 for each class member, violate the CFA and TCCWNA.  Pls. Am. Compl. at ¶¶ 53, 60.  Specifically, Plaintiffs claim that the Fees are not charged for "any separate, specific, additional service," are "<u>not</u> authorized by any New Jersey or federal statute or regulation," are "<u>not</u> authorized by any contract between defendants and the class," and "<u>do not</u> reimburse defendants for any actual costs or expenses which were incurred by defendants . . . ." <u>Id.</u> at ¶¶ 64, 65, 68.  Thus, Plaintiffs allege that Defendants collect "duplicative fees" from the condominium association and Plaintiffs without performing "separate, articulable, additional services" for those fees.  <u>Id.</u> at ¶¶ 73, 74.  Accordingly, Plaintiffs seek an order for declaratory relief stating that Defendants' policy of charging these Transfer and Processing Fees is unlawful under New Jersey law.  Plaintiffs also seek an order for injunctive relief prohibiting Defendants from continuing to charge the Fees in New Jersey, appointing a special master to conduct an audit of Defendants' records, requiring Defendants to relinquish the Fees collected in New Jersey during the class period either for direct restitution to class members or to fund fluid recovery and/or <u>cy pres</u> relief.  <u>Id.</u> at ¶¶ 4, 5.

Plaintiffs filed their Amended Complaint in the Superior Court of New Jersey, Law Division, Camden County.  Defendants moved to remove the case to this Court, claiming that

this Court has federal question jurisdiction under the following theory: Plaintiffs have alleged that Defendants are in violation of the TCCWNA. That statute "prohibits a seller from entering into a contract with a consumer that includes any provision that violates a federal or state law . . . ." N.J.S.A. 56:12. Plaintiffs further allege that Defendants have violated the TCCWNA by violating RESPA, a federal statute establishing that "no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." 12 U.S.C. § 2607(b). Because Defendants have violated RESPA, Plaintiffs claim, they have violated the TCCWNA. The same argument is applied to removal of Plaintiffs' CFA claims. Therefore, Defendants argue, the Amended Complaint raises a federal question that confers subject matter jurisdiction on this Court, pursuant to 28 U.S.C. §1331.

## II.    STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. To defeat a plaintiff's motion to remand, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1995) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S. Ct. 347, 83 L. Ed. 334 (1939)). Generally, where the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court. See Abels, 770 F.2d at 29 ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.").

### III.   DISCUSSION

Plaintiffs argue that this Court is without jurisdiction to adjudicate their claims because they do not arise under federal law within the meaning of 28 U.S.C. § 1331 ("Section 1331").

Pursuant to Section 1331, federal jurisdiction lies over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2006). Courts determine whether an action arises under federal law by looking to the content of the plaintiff's "well-pleaded complaint." U.S. Express Lines, LTD v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002) (quoting Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986)). In the ordinary case, federal jurisdiction is triggered under Section 1331 by a plaintiff who pleads a cause of action created by federal law. Grable and Sons Metal Prods., Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 312 (2005). In this case, however, Plaintiffs have brought causes of action only under the CFA and the TCCWNA. As Plaintiffs indicate, their Amended Complaint "raises New Jersey state law claims exclusively," and "raises no direct claims under federal law." Pls. Am. Compl. at ¶¶ 6, 7.

However, at the outer limits of Section 1331 are those cases where jurisdiction lies by virtue of the existence of a significant issue of federal law embedded in an otherwise state law claim. Grable, 545 U.S. at 312 (2005). Embedded state law claims arise under federal law where the state law claim (1) "necessarily raise[s] a stated federal issue, actually disputed and substantial"; that (2) "a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 314. As the Supreme Court has subsequently explained, Grable represents "a special and small category" of federal jurisdiction. Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 699 (2006).

In this case, Defendants argue that Plaintiffs raise a disputed and substantial federal question through their embedded RESPA allegations. However, the Plaintiffs' reference to RESPA does not meet the first prong of the Grable test because Plaintiffs' claims do not "necessarily" raise federal issues. Indeed, Defendants' violation of the CFA and TCCWNA may be proven without a showing that RESPA has been violated. Plaintiffs allege that "[t]he clearly established rights of plaintiffs and the class under state and federal law protected by TCCWNA include the rights secured by the New Jersey Condominium Act." Pls. Am. Compl. at ¶ 103. Thus Plaintiffs' TCCWNA allegations do not necessarily require that RESPA have been violated; Defendants may be found to violate the TCCWNA because of a violation of the New Jersey Condominium Act.

Furthermore, with regard to the claimed violation of the CFA, Plaintiffs allege that, "separate and apart from the violation of rights under federal law," Defendants have violated the CFA because their Fees constitute "sharp and unconscionable commercial practices." Id. at ¶ 143 (emphasis added). Thus, Plaintiffs' CFA allegations also do not require that RESPA have been violated. Notably, other courts have held that a RESPA claim embedded in a CFA cause of action is insufficient to create a federal question. See Poray v. Altimate Disc. Mortg., 2006 U.S. Dist. LEXIS 84530 (D.N.J. Nov. 21, 2006). As the Poray Court indicated, "the mere incorporation by reference of federal law into a state law claim does not transform it into one presenting a federal question, Hunter v. Greenwood Trust Co., 856 F.Supp. 207, 214 (D.N.J. 1992) (granting motion to remand NJCFA claim to state court, even though complaint cited Federal National Bank Act and Federal Depository Institutions Deregulation and Monetary Control Act)." Poray, 2006 U.S. Dist. LEXIS at *4. Because the Poray Plaintiffs did not seek "damages pursuant to . . . RESPA," and because the CFA claim could "proceed without the

Defendants having to be found in violation of RESPA" (since "a court can find a defendant violated NJCFA based on 'unconscionable' conduct"), the Court found that Plaintiff's claim presented no federal question. Id. at *4-5. With respect to Plaintiffs' CFA claims, this case is identical.

Therefore, although Plaintiffs raise an embedded federal statute in their Amended Complaint, Plaintiffs' claims do not "necessarily raise a stated federal issue" that is "actually disputed and substantial." Grable, 545 U.S. at 314. Accordingly, the Court finds that there is no federal question at issue sufficient to confer subject matter jurisdiction upon it.

**IV.    CONCLUSION**

For the reasons stated above, this Court will grant Plaintiffs' motion to remand this case to the Superior Court of New Jersey, Law Division, Camden County. An appropriate order shall enter today.

Date: 9-26-2011                                                                /s/ Robert B. Kugler
                                                                                         ROBERT B. KUGLER
                                                                                         United States District Judge